UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW CLYDE MYERS,

    Plaintiff,

v.                                               CAUSE NO. 3:22-CV-841-DRL-MGG

WELLPATH,

    Defendant.

OPINION AND ORDER

Andrew Clyde Myers, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Myers alleges that on August 25, 2022, a nurse at the St. Joseph County Jail called his name at med pass and gave him some pills to take. He says he wasn't supposed to receive any medication but didn't question the nurse because he feared he would be punished if he did so. Mr. Myers alleges the medication made him sick and feel like he was going to die. He says his blood pressure was so high the next day that it was checked four times by two different people just to ensure that they were reading it correctly.

Mr. Myers alleges that the medical staff at the St. Joseph County Jail were negligent in their duties and could have killed him or another inmate.

Because Mr. Myers was a pretrial detainee at the time of the events in question, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege that "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Here, Mr. Myers sues Wellpath, the company contracted to provide medical services at the jail, but not the individual nurse who gave him the wrong medication. Wellpath cannot be held responsible for the acts of its employees based solely on its status as an employer. *See Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Instead, a private

2

company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). This requires a showing that "the injury alleged is the result of a policy or practice [of the corporation] . . .." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). An isolated act of an employee, without more, does not show a policy or practice on the part of Wellpath.

But even if he sued the individual nurse, the complaint would not state a claim against her. Nothing in the complaint suggests the nurse acted purposefully, knowingly, or even recklessly regarding the consequences of giving Mr. Myers that medication; a careless mistake is not enough to hold her liable under the Fourteenth Amendment. Then, once the error was discovered, the complaint details that medical staff monitored Mr. Myers until the effects passed, refuting any contention that they responded unreasonably to the danger Mr. Myers faces from being given the wrong medication.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Myers may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After

he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Andrew Clyde Myers until **December 13, 2022**, to file an amended complaint; and

(2) CAUTIONS Andrew Clyde Myers if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

November 18, 2022                         *s/ Damon R. Leichty*
                                          Judge, United States District Court